**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------X
BENCHMARK INVESTMENTS, INC.,           :    CASE NO. _____

        Plaintiff,                     :

        -against-                      :    COMPLAINT

YUNHONG CTI LTD.                       :

        Defendant.                     :
------------------------------------------------------------------X
```

Plaintiff Benchmark Investments ("Plaintiff" or "Benchmark"), by and through its undersigned counsel, files this Complaint against Defendant Yunhong CTI Ltd. ("Defendant" or "YCTI"), and alleges:

## FACTS

1. Benchmark commences this lawsuit because Defendant willfully violated its contractual obligations to Kingswood Capital Markets ("Kingswood"), a division of Benchmark.

2. Pursuant to a duly signed letter agreement dated June 12, 2020 (the "Placement Agreement") between Kingswood and YCTI, Defendant agreed that "Kingswood shall serve as the <u>exclusive placement agent</u> (the 'Services') for [YCTI], on a reasonable best efforts basis, in connection with the proposed offer and placement (the 'Offering') by the Company of shares of common stock of the Company… (the 'Securities')" (the "Exclusive Rights Provision") (emphasis added). A copy of the Placement Agreement is annexed hereto as Exhibit ("Ex.") 1.

3. The Placement Agreement has a one-year term that began on June 12, 2020 and will end on June 11, 2021 (the "Engagement Period"). *See* Ex. 1, ¶ B, p. 2.

4. The Placement Agreement provided that YCTI would pay Kingswood two forms of compensation: (i) seven percent of the aggregate purchase price paid by each purchaser of

1

Securities (the "Placement Agent's Closing Fee"); and (ii) warrants granting Kingswood the right to purchase YCTI's common stock at an exercise price equal to $0.01 per share. *See* Ex. 1 ¶ 1.[1]

5. At all times since executing the Placement Agreement, Kingswood has been ready, willing and able to perform its contractual obligations.

6. In fact, throughout the Placement Agreement's term, Kingswood arranged for multiple potential financings of YCTI.

7. YCTI, on the other hand, has breached the Placement Agreement and its Exclusive Rights Provision at least twice, bypassing Kingswood to sell $3 million of convertible stock to third parties.

**The Series B Preferred Financing**

8. In a Form 8-K filed with the Securities and Exchange Commission ("SEC") on or about November 25, 2020 (the "November 25th 8-K"), YCTI disclosed that it had entered into a stock purchase agreement with Shuai Wang ("Wang") for the issuance and sale of 170,000 shares of Series B Redeemable Convertible Preferred Stock (the "Series B Preferred") for gross proceeds of $1,500,000 (the "Series B Preferred Offering"). A copy of the November 25th 8-K is annexed hereto as Ex. 2.

9. The November 25th 8-K further disclosed that:

> Each holder of the Series B Preferred shall have the right to convert the Stated Value of such shares, as well as the accrued but unpaid declared dividends thereon (collectively the "Conversion Amount") into shares of the Company's common stock. The number of shares of common stock issuable upon conversion of the Conversion

---

[1] "[YCTI] shall issue to Kingswood … at each Closing, warrants (the 'Kingswood Warrants') to purchase that number of common stock of the Company equal to 5% of the aggregate number of shares of common stock placed in each Offering (if the Securities are convertible, such shares of common stock underlying such Securities.)…. The Kingswood Warrants shall have the same terms as the warrants issued to Purchasers in the applicable Offering, except the exercise price shall be equal to $0.01." Ex. 1 at 1.

2

> Amount shall equal the Conversion Amount divided by the conversion price of $1.00….

Ex. 2 at 2.

10. The Stock Purchase Agreement for the Series B Preferred Offering was filed as an exhibit to the November 25th 8-K (the "Series B SPA"). A copy of the Series B SPA is annexed hereto as Ex. 3.

11. Each share of the Series B Preferred is "convertible into ten (10) shares of the Company's common stock" or 1,700,000 shares of YCTI's common stock. Ex. 3, Series B SPA, p. 1 ¶ B.

**Series C Preferred Financing**

12. YCTI filed another 8-K with the SEC on or about January 15, 2021 (the "January 15th 8-K") in which it disclosed that it had entered into a stock purchase agreement with LF Internationale Pte. Ltd. for the issuance and sale of 170,000 shares of Series C Redeemable Convertible Preferred Stock (the "Series C Preferred") for gross proceeds of $1,500,000 (the "Series C Preferred Offering"). A copy of the January 15th 8-K is annexed hereto as Ex. 4.

13. The January 15th 8-K further disclosed that:

> Each holder of the Series B Preferred shall have the right to convert the Stated Value of such shares, as well as the accrued but unpaid declared dividends thereon (collectively the "Conversion Amount") into shares of the Company's common stock. The number of shares of common stock issuable upon conversion of the Conversion Amount shall equal the Conversion Amount divided by the conversion price of $1.00….

Ex. 4, p. 2.

14. The Stock Purchase Agreement for the Series C Preferred Offering shares was filed as an exhibit to the January 15th 8-K (the "Series C SPA"). A copy of the Series C SPA is annexed hereto as Ex. 5.

3

15. Each share of the Series C Preferred is "convertible into ten (10) shares of the Company's common stock…." or 1,700,000 shares of YCTI's common stock. Ex. 5, Series C SPA, p. 1 ¶ B.

16. YCTI did not engage Kingswood to place the November 2020 Offering or January 2021 Offering.

17. YCTI solicited, negotiated and completed both the November 2020 and January 2021 Offerings away from Kingswood and during the Engagement Period in violation of the Exclusive Rights Provision of the Placement Agreement.

18. YCTI knowingly and intentionally breached the terms of the Placement Agreement, and as a result, has caused Kingswood monetary injury in excess of $500,000.

## THE PARTIES

19. Plaintiff is a corporation organized under the laws of Arkansas with its headquarters at 175 Country Club Drive, Building 400, Suite D, Stockbridge, Georgia 30281 and additional offices at 17 Battery Park Place, New York, New York 10004.

20. Defendant is a corporation organized under the laws of Illinois with its principal place of business at 22160 North Pepper Road, Lake Barrington, IL 60010.

## JURISDICTION AND VENUE

21. The Court has jurisdiction over this case under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional threshold of $75,000, excluding interest and costs.

22. Venue is proper in this district under 28 U.S.C. § 1391 because Plaintiff has offices in this district, Defendant does business in New York, and a substantial part of the events and wrongful conduct occurred in this district.

23. Personal jurisdiction over Defendant is also proper in the United States District Court for the Southern District of New York because in the Placement Agreement the parties "expressly agree[d] to submit themselves to the jurisdiction of the [state or federal courts located] in the City of New York, State of New York. The parties hereto expressly waive any rights they may have to contest the jurisdiction, venue or authority of any court sitting in the City and State of New York."

## COUNT I

### BREACH OF CONTRACT – THE PLACEMENT AGREEMENT

24. Plaintiff incorporates by reference all of the foregoing allegations as if fully reiterated herein.

25. The Placement Agreement is a valid and enforceable contract between YCTI and Kingswood, a division of Plaintiff Benchmark.

26. The Exclusive Rights Provision is a valid and enforceable provision of the Placement Agreement, and November 2020 Offering and the January 2021 Offering were within the one-year Engagement Period.

27. The November 2020 Offering and the January 2021 Offering by YCTI required solicitation, negotiation, preparation, coordination and confirmation of an agreement within the Engagement Period.

28. YCTI did not honor its contractual obligation to have Kingswood act as the YCTI's exclusive placement agent for all offerings within the Engagement Period, as stated in paragraph one of the Placement Agreement.

29. YCTI further breached its contractual obligation by soliciting, negotiating with, or entering into agreements with other entities who were not Plaintiff.

30.     As a direct and proximate result of YCTI's breach of the Placement Agreement, (i) Kingswood was not the placement agent for the November 2020 Offering and the January 2020 Offering; (ii) was denied approximately $500,000 or an amount to be proven at trial; and (iii) incurred additional damages including legal fees and costs, as well as other monetary and non-monetary damages to be proven at trial.

31.     Plaintiff has suffered damages that exceed the jurisdictional amount that are the direct and proximate cause of Defendants' breaches.

## COUNT II

### DECLARATORY RELIEF
(Declaratory Judgment Act, 28 U.S.C. 2201, et. seq.)

32.     Plaintiff incorporates by reference all of the foregoing allegations as if fully reiterated herein.

33.     The Court should enter an Order declaring that the Placement Agreement is a valid and enforceable contract.

34.     The Court should enter an Order declaring that the Exclusive Rights Provision is a valid and enforceable term of the Placement Agreement.

35.     The Court should enter an Order declaring that any issuances of YCTI common stock and/or securities convertible to common stock occurring between June 12, 2020 and June 11, 2021 without the consent of Kingswood, is a violation of the Placement Agreement.

36.     The Court should enter and Order declaring that Plaintiff incurred additional damages, including legal fees and costs, as well as other monetary and non-monetary damages to be proven at trial.

37.     The Court should enter an Order declaring YCTI liable for damages to Plaintiff in the amount to be proven at trial as a result of Defendant's breach of the Placement Agreement.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs prays for relief and judgment in favor of Kingswood and against YCTI, as follows:

(i) On Count I, awarding Plaintiff monetary damages in an amount to be determined at trial, but believed to be in excess of $500,000, plus interest, costs and expenses, including its reasonable attorneys' fees;

(ii) On Count II, awarding Plaintiff monetary damages in an amount to be determined at trial, but believed to be in excess of $500,000, plus interest, costs and expenses, including its reasonable attorneys' fees; and

(iii) Granting such other and further relief as the Court deems just and proper.

Dated: March 16, 2021
       New York, New York

GUSRAE KAPLAN NUSBAUM PLLC

/s/Ryan Whalen
Ryan Whalen, Esq.
Kari Parks, Esq.
120 Wall Street
New York, New York 10005
(212) 269-1400
rwhalen@gusraekaplan.com
kparks@gusraekaplan.com

*Attorneys for Plaintiff*