UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X
BENCHMARK INVESTMENTS, INC.,

        Plaintiff,

-against-

YUNHONG CTI LTD.,

        Defendant.
------------------------------------------------------ X

CASE NO. 1:21-cv-02279-JPC

**ANSWER TO COMPLAINT, AFFIRMATIVE, DEFENSES, AND COUNTERCLAIMS**

JURY TRIAL DEMANDED

Defendant Yunhong CTI Ltd. ("Defendant" or "YCTI"), by and through its attorneys, Nixon Peabody LLP, as and for its Answer to Plaintiff Benchmark Investment Inc.'s Complaint ("Complaint") denies any and all wrongdoing, and alleges as follows:

1. Denied.

2. Defendant admits to the existence of a purported letter agreement dated June 12, 2020, between Kingswood and YCTI, but denies that the letter agreement was "duly" signed, valid or enforceable, procured in the absence of fraud and/or other wrongdoing on the part of Plaintiff, or that Plaintiff engaged in "reasonable best efforts," and respectfully refers the Court to the writing for its contents. YCTI otherwise denies the remainder of the allegations contained in this Paragraph.

3. Defendant admits to the existence of a purported letter agreement dated June 12, 2020, between Kingswood and YCTI, but denies that the letter agreement was "duly" signed, valid or enforceable, procured in the absence of fraud and/or other wrongdoing on the part of Plaintiff, or that Plaintiff engaged in "reasonable best efforts," and respectfully refers the Court to the writing

for its contents. YCTI otherwise denies the remainder of the allegations contained in this Paragraph.

4. Defendant admits to the existence of a purported letter agreement dated June 12, 2020, between Kingswood and YCTI, but denies that the letter agreement was "duly" signed, valid or enforceable, procured in the absence of fraud and/or other wrongdoing on the part of Plaintiff, or that Plaintiff engaged in "reasonable best efforts," and respectfully refers the Court to the writing for its contents. YCTI otherwise denies the remainder of the allegations contained in this Paragraph.

5. Denied.

6. Denied.

7. Denied.

8. Defendant admits to the existence of a Form 8-K filed with the Securities and Exchange Commission on or about November 25, 2020, and respectfully refers to the Court for an examination of its contents. Defendant denies any allegations of wrongdoing with respect to the Form 8-K, its contents, or attachments.

9. Defendant admits to the existence of a Form 8-K filed with the Securities and Exchange Commission on or about November 25, 2020, and respectfully refers to the Court for an examination of its contents. Defendant denies any allegations of wrongdoing with respect to the Form 8-K, its contents, or attachments.

10. Defendant admits to the existence of a Form 8-K filed with the Securities and Exchange Commission on or about November 25, 2020, and respectfully refers to the Court for an examination of its contents. Defendant denies any allegations of wrongdoing with respect to the Form 8-K, its contents, or attachments.

11. Defendant admits to the existence of a Form 8-K filed with the Securities and Exchange Commission on or about November 25, 2020, and respectfully refers to the Court for an examination of its contents. Defendant denies any allegations of wrongdoing with respect to the Form 8-K, its contents, or attachments.

12. Defendant admits to the existence of a Form 8-K filed with the Securities and Exchange Commission on or about January 15, 2021, and respectfully refers to the Court for an examination of its contents. Defendant denies any allegations of wrongdoing with respect to the Form 8-K, its contents, or attachments.

13. Defendant admits to the existence of a Form 8-K filed with the Securities and Exchange Commission on or about January 15, 2021, and respectfully refers to the Court for an examination of its contents. Defendant denies any allegations of wrongdoing with respect to the Form 8-K, its contents, or attachments.

14. Defendant admits to the existence of a Form 8-K filed with the Securities and Exchange Commission on or about January 15, 2021, and respectfully refers to the Court for an examination of its contents and any attachments thereto. Defendant denies any allegations of wrongdoing with respect to the Form 8-K, its contents, or attachments.

15. Defendant admits to the existence of a Form 8-K filed with the Securities and Exchange Commission on or about January 15, 2021, and respectfully refers to the Court for an examination of its contents and any attachments thereto. Defendant denies any allegations of wrongdoing with respect to the Form 8-K, its contents, or attachments.

16. Defendant admits that Kingswood did not participate in the November 2020 or January 2021 offerings, due to Kingswood's own wrongful acts. Defendant denies any wrongdoing in connection with the November 2020 or January 2021 offerings.

17.     Defendant admits that Kingswood did not participate in the November 2020 or January 2021 offerings, due to Kingswood's own wrongful acts. Defendant denies any wrongdoing in connection with the November 2020 or January 2021 offerings.

18.     Denied.

19.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations in this Paragraph, and therefore denies them.

20.     Admitted.

21.     The contents of Paragraph 21 of the Complaint contain a legal conclusion to which no response is required, and therefore Defendant denies them.

22.     Denied.

23.     Denied.

24.     Defendant incorporates by reference all of its foregoing responses as if fully reiterated herein.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Defendant incorporates by reference all of its foregoing responses as if fully reiterated herein.

33.     Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

### **FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state any claims upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
**(Estoppel and Waiver)**

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and waiver.

### **THIRD AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### **FOURTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### **FIFTH AFFIRMATIVE DEFENSE**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's breach of the implied covenant of good faith and fair dealing.

### **SIXTH AFFIRMATIVE DEFENSE**
**(Collateral Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Repudiation)

Plaintiff's wrongful refusal to perform its duties or obligations under the alleged Agreement constitutes a repudiation of the contract, thereby excusing Defendant's performance.

## EIGHTH AFFIRMATIVE DEFENSE
### (Frustration of Purpose)

Plaintiff's claims are barred, in whole or in part, because the purpose of the alleged Agreement has been frustrated as a matter of law.

## NINTH AFFIRMATIVE DEFENSE
### (Prevention of Performance)

Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff prevented Defendant from performing certain duties or obligations set forth in said contract.

## TENTH AFFIRMATIVE DEFENSE
### (Excuse from Performance)

Plaintiff's claims are barred, in whole or in part, on the grounds that Defendant has been excused from performing certain duties and obligations set forth in the alleged Agreement by virtue of, among other things, Plaintiff's own wrongful conduct. The claim of compensation by Kingswood is from add-on investments only, and not by any investors that Kingswood was allegedly hired to find.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

This Court lacks jurisdiction due to Plaintiff's fraud in causing Defendant to enter into the alleged Agreement.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unenforceability due to Fraud)

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's fraud in inducing Defendant to enter into the alleged Agreement.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Unenforceability due to Breach of Contract)

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's breach of the alleged Agreement.

## RESERVATION OF ADDITIONAL DEFENSES

YCTI continues to investigate the allegations set forth in the Complaint. YCTI specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to assert such additional defenses.

## COUNTERCLAIMS

Yunhong CTI ("YCTI"), by and through its attorneys Nixon Peabody LLP, asserts counterclaims against Benchmark Investments, Inc. ("Benchmark") as follows:

## NATURE OF THE CASE

1. Benchmark is liable for fraudulent inducement, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

## PARTIES

2. Counterclaim Plaintiff YCTI is a corporation organized under the laws of Illinois with a principal place of business at 22160 North Pepper Road, Lake Barrington, Illinois.

3. On information and belief, Counterclaim Defendant Benchmark is a corporation organized under the laws of Arkansas with a principal place of business at 175 Country Club

Drive, Building 400, Suite D, Stockbridge, Georgia, and has additional offices at 17 Battery Park Place, New York, New York.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, and the parties are of diverse citizenship. YCTI is a citizen of Illinois and Benchmark is a citizen of Georgia.

5. Venue is proper in this district under 28 U.S.C. § 1391 because Benchmark has offices in this district, transacts business in the state of New York, and a substantial part of the wrongful conduct occurred in this district.

## FACTUAL BACKGROUND

6. CTI Industries Corporation ("CTI") develops, produces, and distributes flexible film and vacuum storage products to consumer and commercial markets.

7. In late 2019, CTI was seeking investors and, through its securities advisor, was introduced to Yubao Li ("Mr. Li"), an interested investor.

8. Mr. Li, through his investment advisors, Abraham Cinta ("Mr. Cinta") and Jesus Hoyos ("Mr. Hoyos"), both on the management team of ARC Capital, invested in CTI on or about January 3, 2020, and as part of that investment, CTI was renamed YCTI.

9. YCTI, via its Chief Executive Officer, Frank Cesario ("Mr. Cesario"), began seeking purchasers of YCTI's securities. Mr. Hoyos and Mr. Cinta independently did the same. At that time, Mr. Cinta informed YCTI that he and Mr. Li had previously worked with Plaintiff

Kingswood Capital Markets ("Kingswood") and believed that Kingswood could identify and secure investors interested in purchasing YCTI securities. Mr. Hoyos and Mr. Cinta began negotiating terms on which Kingswood would identify and secure such purchasers.

10. On information and belief, Kingswood is a division of Benchmark.

11. YCTI was presented with the opportunity to secure $3,000,000 from an investor but was implored by Mr. Cinta not to do so, allegedly because Mr. Li was concerned that the investment would dilute YCTI's stock. As a result, YCTI did not secure financing from the investor.

12. On or about June 12, 2020, Mr. Hoyos sent Mr. Cesario a proposed Placement Agreement (the "Placement Agreement") from Kingswood. Mr. Hoyos informed YCTI that Mr. Li approved of the engagement. The proposed Placement Agreement provided that Kingswood would be compensated if, and only if, it brought to YCTI third-party investors. The proposed Placement Agreement did not guarantee Kingswood compensation from YCTI.

13. YCTI's management and in-house counsel recommended that YCTI make changes to terms in the proposed Placement Agreement to the benefit of YCTI, but the recommendations were rebuked by Mr. Cinta.

14. On Mr. Hoyos and Mr. Cinta's urging, YCTI executed the purported Placement Agreement. A follow-on agreement was later shared for specific engagement between Kingswood and YCTI for the purpose of finalizing the terms of YCTI's securities offering, but this follow-on agreement was never executed.

15. The purported Placement Agreement provided that Kingswood would, "on a reasonable best efforts basis," find purchasers for YCTI's securities and secure financing on behalf of YCTI. At no time did Kingswood provide any viable purchasers for YCTI's securities or provide investors for YCTI.

16. In August 2020, Mr. Cinta disclosed to Mr. Cesario that Mr. Cinta was also an owner of Kingswood. Mr. Cinta's failure to disclose this conflict of interest was a material misrepresentation and/or omission of fact.

17. Mr. Cinta's conflict of interest was not disclosed at the time of the execution of the purported Placement Agreement, and still has not been formally disclosed, by Kingswood or Benchmark, to YCTI.

**FIRST CLAIM FOR RELIEF**
**(Fraudulent Inducement)**

18. YCTI refers to and incorporates by reference the allegations contained in Paragraphs 1 through 17 as fully set forth herein.

19. Mr. Cinta represented to YCTI that he had worked with Kingswood in the past and encouraged YCTI to engage with Kingswood.

20. Mr. Cinta negotiated terms by which Kingswood would act on YCTI's behalf to identify and secure purchasers of YCTI's securities.

21. At all relevant times, Mr. Cinta was an undisclosed owner and/or agent of Kingswood.

22. At all relevant times, Benchmark knew that Mr. Cinta was an owner and/or agent of Kingswood and there existed a material conflict of interest in him negotiating any agreement on behalf of YCTI whereby Kingswood would act on YCTI's behalf in good-faith. By failing to disclose this conflict of interest, Benchmark and Kingswood not only stood on both sides of any transaction but were not acting in good faith and/or in YCTI's interests.

23. At all relevant times, Mr. Cinta represented to YCTI that he was negotiating with Kingswood on behalf YCTI alone. At all relevant times, Mr. Cinta, Kingswood, and Benchmark knew this to be false.

24. Mr. Cinta, acting as an owner and/or agent of Kingswood while holding himself out as representing YCTI's interests alone, urged YCTI to enter into a contract with Kingswood.

25. At no point in time did Mr. Cinta, Kingswood, or Benchmark disclose to YCTI that Mr. Cinta was an owner and/or agent of Kingswood.

26. YCTI reasonably relied on Mr. Cinta's representations when entering into the purported Placement Agreement with Kingswood. As a result, YCTI was fraudulently induced to enter into the purported Placement Agreement.

27. Mr. Cinta's, and thus Kingswood's, misrepresentation caused damages to YCTI in an amount to be determined at trial, and this Court should issue an Order declaring the purported Placement Agreement void.

**SECOND CLAIM FOR RELIEF**
**(Negligent Misrepresentation)**

28. YCTI refers to and incorporates by reference the allegations contained in Paragraphs 1 through 27 as fully set forth herein.

29. Mr. Cinta falsely represented that he was negotiating with Kingswood on behalf of YCTI interests alone.

30. Mr. Cinta and Kingswood knew that Mr. Cinta could not negotiate on behalf of YCTI with impartiality. At all relevant times, Benchmark and Kingswood knew that Mr. Cinta was an owner and/or agent of Kingswood and there existed a material conflict of interest in him negotiating any agreement on behalf of YCTI whereby Kingswood would act on YCTI's behalf in good-faith.

31. Mr. Cinta and Kingswood intentionally hid Mr. Cinta's ownership interest in Kingswood with the intent of deceiving YCTI.

32. YCTI justifiably relied on Mr. Cinta's representations that he was acting on behalf of YCTI in good faith and did not have a conflict of interest in negotiating with Kingswood on behalf YCTI.

33. YCTI was harmed by relying on Mr. Cinta and Kingswood's negligent misrepresentation in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
(Breach of Contract)

34. YCTI refers to and incorporates by reference the allegations contained in Paragraphs 1 through 33 as fully set forth herein.

35. If the Court determines that the purported Placement Agreement was not procured through fraud, then the purported Placement Agreement was breached by Kingswood.

36. Kingswood breached its obligations under the purported Placement Agreement by, among other things, failing to make "reasonable best effort[s]" to place YCTI securities and secure other financing on behalf of YCTI. Among other things, Kingswood failed to introduce any meaningful investors to YCTI and failed to disclose its blatant conflict of interest.

37. Kingswood's breach of the purported Placement Agreement caused YCTI to sustained damages in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
(Breach of the Covenant of Good Faith and Fair Dealing)

38. YCTI refers to and incorporates by reference the allegations contained in Paragraphs 1 through 37 as fully set forth herein.

39. The purported Placement Agreement contains an implied covenant of good faith and fair dealing that mandates that Kingswood do nothing that would prevent YCTI from receiving the benefits for which they contracted.

40. Kingswood, through its wrongful conduct, prevented YCTI from receiving the benefits they contracted for and were entitled to under the purported Placement Agreement, by, among other things, failing to make "reasonable best effort[s]" to place YCTI securities and secure other financing on behalf of YCTI.

41. Kingswood's breach of the covenant of good faith and fair dealing implied in every contract and in the purported Placement Agreement, as well as its failure to disclose Kingswood's blatant conflict of interest, caused YCTI to sustain damages in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**

42. YCTI refers to and incorporates by reference the allegations contained in Paragraphs 1 through 41 as fully set forth herein.

43. Kingswood was unjustly enriched by fraudulently inducing YCTI to enter into a contract with Kingswood and by paying certain sums to Kingswood.

44. YCTI was harmed as a result of Kingswood's unjust enrichment in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Counterclaim Plaintiff prays for relief and judgment in favor of YCTI and against Counterclaim Defendant as follows:

a. General, compensatory, and actual damages in an amount of no less than $500,000;

b. Punitive damages as a result of Plaintiff's wanton and reckless acts;

c. YCTI's attorneys' fees and costs;

d. Such other and further relief as the Court may deem just and proper.

Dated: June 25, 2021

                                            **NIXON PEABODY LLP**

                                            */s/ Daniel A Schnapp*
                                            Daniel A. Schnapp
                                            Tower 46
                                            55 West 46th Street
                                            New York, NY 10036
                                            Tel: (212) 940-3026
                                            dschnapp@nixonpeabody.com

                                            *Attorneys for Defendant*