# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENCHMARK INVESTMENTS, INC.<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>YUNHONG CTI LTD.,<br><br>Defendant/Counter-Plaintiff. | No. 1:21-cv-02279-JPC-OTW |

## BENCHMARK INVESTMENTS, INC.'S ANSWER TO COUNTERCLAIMS

Plaintiff–Counterclaim Defendant Benchmark Investments, Inc. ("**Benchmark**"), through undersigned counsel, answers the Counterclaims of Defendant–Counterclaim Plaintiff Yunhong CTI Ltd. ("**Yunhong**"), Dkt. 19 (June 25, 2021) (the "**Counterclaim**"), as follows:

1. Paragraph 1 asserts opinions and legal conclusions that merit no response. To the extent Paragraph 1 requires a response, Benchmark denies Paragraph 1's allegations.

2. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 2's allegations.

3. Benchmark admits Paragraph 3's allegations.

4. Paragraph 4 asserts opinions and legal conclusions that merit no response. To the extent Paragraph 4 requires a response, Benchmark admits it is a citizen of Georgia,

1

but denies that the amount in controversy arising from Yunhong's counterclaims exceed $75,000.

5. Paragraph 5 asserts opinions and legal conclusions that merit no response. To the extent Paragraph 5 requires a response, Benchmark admits that venue is proper, but denies the implication that it is responsible for any "wrongful conduct [that] occurred in this district."

6. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 6's allegations.

7. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 7's allegations.

8. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 8's allegations.

9. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 9's allegations.

10. Benchmark admits Paragraph 10's allegations.

11. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 11's allegations.

12. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 12's allegations.

13. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 13's allegations.

14. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 14's allegations.

15. Paragraph 15 merits no response because it purports to characterize a document—the Placement Agreement—that speaks for itself. To the extent Paragraph 15 requires a response, Benchmark specifically denies that it never "provide[d] any viable purchase for [Yunhong's] securities or provide investors for [Yunhong]."

16. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 16's allegation concerning what Mr. Cinta allegedly disclosed. Paragraph 16 also asserts opinions and legal conclusions that merit no response and, to the extent they require a response, Benchmark denies the allegations.

17. Paragraph 17 asserts opinions and legal conclusions that merit no response. To the extent Paragraph 17 requires a response, Benchmark denies its allegations.

## FIRST CLAIM FOR RELIEF
### (Fraudulent Inducement)

18. In response to Paragraph 18, Benchmark repeats the foregoing answers and objections as if fully set forth herein.

19. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 19's allegations.

20. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 20's allegations.

21. Benchmark denies the allegations in paragraph 21.

22. Paragraph 22 asserts opinions and legal conclusions that require no response. To the extent Paragraph 22 requires a response, Benchmark denies its allegations.

23. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 23's allegations, which also assert opinions and legal conclusions that require no response. To the extent Paragraph 23 requires a response, Benchmark denies its allegations.

24. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 24's allegations, which also assert opinions and legal conclusions that require no response. To the extent Paragraph 24 requires a response, Benchmark denies its allegations.

25. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 25's allegations concerning non-party Mr. Cintas. To the extent Paragraph 25 requires a response, Benchmark denies its allegations.

26. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 26's allegations concerning non-party Mr. Cintas, which also assert opinions and legal conclusions that require no response. To the extent Paragraph 26 requires a response, Benchmark denies its allegations.

27. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 27's allegations, which also assert opinions and legal conclusions that require no response. To the extent Paragraph 27 requires a response, Benchmark denies its allegations.

## SECOND CLAIM FOR RELIEF
### (Negligent Misrepresentation)

28. In response to Paragraph 28, Benchmark repeats the foregoing answers and objections as if fully set forth herein.

29. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 29's allegations.

30. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 30's allegations concerning what Mr. Cintas allegedly knew, which also asserts opinions and legal conclusions that require no response. To the extent Paragraph 30 requires a response, Benchmark denies its allegations.

31. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 31's allegations against non-party Mr. Cintas, which also asserts opinions and legal conclusions that require no response. To the extent Paragraph 31 requires a response, Benchmark denies its allegations.

32. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 32's allegations concerning non-party Mr. Cintas's purported representations, which also asserts opinions and legal conclusions that require no response. To the extent Paragraph 32 requires a response, Benchmark denies its allegations.

33. Benchmark lacks knowledge or information sufficient to form a belief regarding the truth of Paragraph 33's allegations concerning Yunhong's purported reliance on non-party Mr. Cintas' alleged representations, which also asserts opinions

5

and legal conclusions that require no response. To the extent Paragraph 33 requires a response, Benchmark denies its allegations.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract)**

34. In response to Paragraph 34, Benchmark repeats the foregoing answers and objections as if fully set forth herein.

35. Paragraph 35 asserts opinions and legal conclusions that require no response. To the extent Paragraph 35 requires a response, Benchmark denies its allegations.

36. Paragraph 36 asserts opinions and legal conclusions that require no response. To the extent Paragraph 36 requires a response, Benchmark denies its allegations.

37. Paragraph 37 asserts opinions and legal conclusions that require no response. To the extent Paragraph 37 requires a response, Benchmark denies its allegations, particularly because Yunhong fails to plead any factual allegations specifying its own alleged damages.

### FOURTH CLAIM FOR RELIEF
**(Breach of the Covenant of Good Faith and Fair Dealing)**

38. In response to Paragraph 38, Benchmark repeats the foregoing answers and objections as if fully set forth herein.

39. Paragraph 39 asserts opinions and legal conclusions that require no response.

40. Paragraph 40 asserts opinions and legal conclusions that require no response. To the extent Paragraph 40 requires a response, Benchmark denies its allegations; Yunhong fails to plead any non-conclusory facts regarding Benchmark's breach of the implied covenant, and Paragraph 40's allegations merely duplicate those that Yunhong asserts to support its breach-of-contract claim.

41. Paragraph 41 asserts opinions and legal conclusions that require no response. To the extent Paragraph 41 requires a response, Benchmark denies its allegations, particularly because Yunhong has not even attempted to quantify or otherwise explain its alleged damages.

## **FIFTH CLAIM FOR RELIEF**

**(Unjust Enrichment)**

42. In response to Paragraph 42, Benchmark repeats its foregoing answers and objections.

43. Paragraph 43 asserts opinions and legal conclusions that require no response. To the extent Paragraph 43 requires a response, Benchmark denies its allegations, particularly since Yunhong never paid or otherwise provided any consideration to Benchmark.

44. Paragraph 44 asserts opinions and legal conclusions that require no response. To the extent Paragraph 44 requires a response, Benchmark denies its allegations, particularly since Yunhong never paid or otherwise provided any consideration to Benchmark.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim fails to state any claim.

### Second Affirmative Defense

At all times, Benchmark acted in good faith and made reasonable best efforts to comply with its Placement Agreement obligations.

### Third Affirmative Defense

Neither the nature nor the scope of the Counterclaim's allegations supports the relief Yunhong seeks.

### Fourth Affirmative Defense

To the extent the Counterclaim's allegations prove to be true, Benchmark's actions and omissions were not material, and therefore are not actionable.

### Fifth Affirmative Defense

Yunhong's counterclaims are barred, in whole or in part, under the doctrines of laches, waiver, and / or ratification.

### Sixth Affirmative Defense

Yunhong's counterclaims are barred, in whole or in part, because it has failed to join necessary and indispensable parties, including Messrs. Cinta and Li.

### Seventh Affirmative Defense

Yunhong's counterclaims are barred under the doctrine of unclean hands, since it breached the Placement Agreement without excuse or justification and never paid Benchmark.

**Eighth Affirmative Defense**

Yunhong's counterclaims are barred because any and all harm it has suffered is due to its own acts and / or omissions.

**Ninth Affirmative Defense**

Yunhong's unjust enrichment claim is barred because Yunhong has never paid or otherwise "enriched" Benchmark.

**ADDITIONAL DEFENSES**

Yunhong fails to plead fraudulent inducement or negligent misrepresentation with the particularity required by Federal Rule of Civil Procedure 9(b). Yunhong does not plead any cognizable theory of fraudulent or negligent omission, nor does it plead out-of-pocket damages.

Yunhong's breach-of-contract counterclaim fails because it does not plead its own contractual performance, Kingswood's breach, or resulting damages.

Yunhong's unjust enrichment claim fails because it does not allege the elements of unjust enrichment. The unjust enrichment counterclaim also fails because it merely duplicates Yunhong's breach-of-contract claim.

Yunhong's implied covenant claim because it fails to plead any wrongful conduct or damages other than alleged breaches of the Placement Agreement's explicit provisions.

Benchmark reserves the right to add Defenses and Affirmative Defenses as may become apparent during the course of this litigation.

Dated: July 15, 2021
 New York, New York

                                      **GUSRAE KAPLAN NUSBAUM PLLC**

                                      /s/ Ryan J. Whalen
                                      Ryan J. Whalen
                                      Kari Parks
                                      120 Wall Street
                                      New York, New York 10005
                                      (212) 269-1400
                                      rwhalen@gusraekaplan.com
                                      kparks@gusraekaplan.com

                                      *Counsel for Counterclaim Defendant Benchmark Investments, Inc.*